IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKEY R. ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5202-M-BN |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from District Judge Barbara M.G. Lynn. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Plaintiff Vickey R. Allen's Motion to Remand [Dkt. No. 7].

**Background**

In light of the parties' various filings since the time of this case's removal to this Court, thoroughly reviewing the case's procedural history here will be helpful for the analysis that follows.

On November 16, 2012, Plaintiff Vickey R. Allen filed suit in Texas state court against Bank of America. N.A. ("BOA") and Tederal D. Jefferson, individually and doing business as Come As You Are Community Development ("Jefferson"). *See* Dkt. No. 1-4. Plaintiff alleged various causes of action under Texas state law against BOA

related to her mortgage and separately against Jefferson. *See id.* Plaintiff's petition did not state a specific amount of damages. *See id.*

BOA and Jefferson were each served with Plaintiff's state court petition on November 20, 2012. *See* Dkt. Nos. 1-6 & 1-7; *accord* Dkt. No. 1-12 at 2 (acknowledging that no parties remained unserved at the time that the case was removed).

On December 20, 2012, BOA timely removed the case to this Court. *See* Dkt. No. 1; *accord* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). In the Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331 and 1441(c) (Federal Question), BOA asserted as its sole ground for removal that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the action may be removed by BOA pursuant to 28 U.S.C. § 1441(c) because Plaintiff alleges a cause of action for specific performance under 24 C.F.R. 203. *See id.* at 3. BOA further asserted that, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims because "they derive from the same set of facts forming her claims under 24 C.F.R. 203." *See id.* In its Notice of Removal, BOA also explained that it "is currently attempting to obtain confirmation of consent to removal of this action from Tederal D. Jefferson, individually and dba Come As You Are Development, who is the remaining

defendant named in Plaintiff's state court action." *Id.* at 4. BOA raised no other grounds for removal or this Court's jurisdiction. *See* Dkt. No. 1.

BOA had not answered in state court. *See* Dkt. No. 1 at 2; Dkt. No. 1-12 at 2. On December 27, 2012, the Court granted BOA an unopposed extension of time to March 20, 2013 in which to answer or otherwise respond to Plaintiff's petition. *See* Dkt. No. 5.

On January 18, 2013 – 29 days after BOA filed its Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331 and 1441(c) (Federal Question) [Dkt. No. 1] – Plaintiff timely filed a Motion to Remand under 28 U.S.C. § 1447(c). *See* Dkt. No. 7; *accord* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Plaintiff's motion argues that her state court petition does not include any claim involving a substantial question of federal law. *See* Dkt. No. 7 at 2. Specifically, Plaintiff asserts that BOA "attempts to remove this case on the incorrect assertion that Plaintiff has asserted a cause of action for specific performance under 24 C.F.R. 203," but, Plaintiff argues, "[s]pecific performance is not a cause of action, instead Plaintiff has requested the remedy of specific performance for the breach of the Deed of Trust contract." *Id.* Plaintiff further argues that, even if her state-law breach of contract claim implicates significant federal issues – where Plaintiff admits that her breach of contract claim is based in part on the fact that BOA violated provisions of the federal Fair Housing Act ("FHA") that regulate the note and deed of trust – the federal issues are not sufficiently substantial to invoke federal

question jurisdiction. *See id.* at 2-4.

Eleven days later, Plaintiff and BOA filed a Joint Motion to Abate, in which they represented that Plaintiff and BOA "are currently and actively exploring settlement, including, but not limited to, the viability of a modification of Plaintiff's mortgage" and "respectfully request the Court to abate this matter up to and including April 29, 2013, so that Defendant may review Plaintiff's request for a loan modification." Dkt. No. 8 at 1. Judge Lynn granted the requested abatement and ordered the case administratively closed. *See* Dkt. No. 10. Judge Lynn then granted three subsequent joint motions to extend the abatement but ultimately ordered that the stay of the case until October 28, 2013 would be the final stay or abatement that the Court would grant. *See* Dkt. Nos. 12, 14, & 16.

On October 28, 2013, the case was reopened, and the stay was lifted. On October 29, 2013, BOA filed a Motion to Dismiss Plaintiff's Original Petition, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 17. On November 19, 2013, filed a response to BOA's Rule 12(b)(6) motion, *see* Dkt. No. 21, and also, based on the right to amend under Fed. R. Civ. P. 15(a)(1)(B) within 21 days of service of a Rule 12(b) motion, Plaintiff filed her First Amended Complaint, *see* Dkt. No. 20.

Plaintiff's First Amended Complaint still names BOA and Jefferson as defendants and includes the same factual allegations against Jefferson as her state court petition, *compare id.* at 4, *with* Dkt. No. 1-4 at 5, as well as against BOA, *compare* Dkt. No. 20 at 2-5, *with* Dkt. No. 1-4 at 3-6. But, notwithstanding the pending Motion to Remand, Plaintiff also alleged that "[t]he Court has jurisdiction of this

lawsuit pursuant to 28 U.S.C. 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest." Dkt. No. 20 at 2. The First Amended Complaint, however, retained the demand for specific performance and allegation that the Deed of Trust "is governed by Federal law," citing federal regulations under 24 C.F.R. §§ 203.604(b), 203.604(e)(2), and 203.556(b). *Compare* Dkt. No. 1-4 at 6-7, *with* Dkt. No. 20 at 15. But, in her First Amended Complaint, Plaintiff did not include any alleged causes of action or specific request for relief against Jefferson, as she had in her state court petition. *Compare* Dkt. No. 1-4 at 15-18, 19, *with* Dkt. No. 20. In her reply in support of her Motion to Remand, Plaintiff later acknowledged this omission and explained that Jefferson was still a named defendant and that, where "[a] scheduling order has not even been entered in this case, and Plaintiff has not yet had the opportunity to conduct discovery," "Plaintiff still has the ability to amend her pleading to add various causes of action against Defendant Tederal D. Jefferson." Dkt. No. 30 at 4.

The case was then referred to the undersigned magistrate judge for pretrial management, and the undersigned issued a briefing order on Plaintiff's pending Motion to Remand. *See* Dkt. No. 23. On December 5, 2013, BOA responded to Plaintiff's Motion to Remand and argued that it had properly removed this action based on Plaintiff's state court petition, which brought a claim for specific performance based on alleged violations of the Code of Federal Regulations. *See* Dkt. No. 28.

Defendant asserted that, in the petition, "Plaintiff expressly alleges that the issues underlying Count One are governed by federal law and specifically cites to

provisions of the Fair Housing Act ('FHA') that were allegedly violated by Bank of America" and "requests that Defendants be ordered to specifically perform under various sections of the Code of Federal Regulations"; as such, BOA argues that, "[b]ecause Count One is premised entirely on alleged violations of the Code of Federal Regulations, removal on the basis of federal-question jurisdiction was proper." *Id.* at 3. BOA acknowledged Plaintiff's argument that specific performance is not a cause of action but rather an equitable form of relief and agreed with that proposition, but BOA responds that Plaintiff is the master of her claim and "is bound by her pleading, which does not bring specific performance as a request for relief pursuant to her breach of contract claim, but a substantive claim against" BOA. *Id.* at 1-2, 5 & n.1. "Furthermore, Plaintiff's claim for specific performance necessarily depends on a determination of whether Bank of America is in violation of 24 C.F.R. 203.604(b), 24 C.F.R. 203.604(e)(2), and 24 C.F.R. 203.556(b), as well as a determination as to whether Plaintiff is entitled to relief as a result of Bank of America's alleged violations, not whether Bank of America purportedly breached a contract." *Id.* at 5. BOA therefore argues that Section 1331 jurisdiction exists because Plaintiff has pleaded a claim that raises an actually disputed and substantial federal issue. *See id.* at 2.

With regard to the issue of whether the Court should exercise its discretion to remand based on the federal-state balance implicated by a state-law claim that includes a significant federal issue, BOA argues that "Plaintiff is requesting that Bank of America be required to specifically perform its duties under the federal regulations, rather than perform its duties under the note and deed of trust." *Id.* at 6. BOA also

notes that "Plaintiff did not refer to violations of state law in her specific performance claim" and that her "specific performance is pleaded separately from her breach of contract claims." *Id.* But BOA agrees with Plaintiff that her breach of contract claim does not involve a federal question. *See id.* at 6 n.2.

Although its Notice of Removal was based only on Section 1441(c) and an assertion of federal question jurisdiction under Section 1331, BOA also alternatively argued that, "[e]ven if the Court determines that Plaintiff's allegations in her original Complaint are insufficient to justify federal-question jurisdiction, the Court should retain jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as a result of Plaintiff's admission in her Amended Complaint that diversity now exists and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1)." *Id.* at 7. BOA further notes that Plaintiff's First Amended Complaint "no longer alleges any causes of action against the non-diverse defendant, Tederal D. Jefferson." *Id.* at 2, 7. Accordingly, "[b]ecause Plaintiff has now conceded that jurisdiction is proper in this Court, [BOA] requests that this court retain jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1) on the basis of diversity." *Id.* at 7.

BOA did not file or seek leave to file an amended notice of removal to assert Section 1441(a) as a basis for removal or Section 1332(a) as a basis for this Court's jurisdiction based on Plaintiff's November 19, 2013 First Amended Complaint. Neither does BOA's response discuss whether Jefferson has consented to removal, *see* Dkt. No. 28, and nothing has been filed with the Court to reflect that Jefferson has consented to BOA's removal of this case to this Court.

On December 12, 2013, Plaintiff filed her reply in support of her Motion to Remand, arguing that there is not complete diversity and no federal question exists in Plaintiff's complaint. *See* Dkt. No. 30. Plaintiff argues that her First Amended Complaint makes clear that her demand for specific performance to require BOA to comply with FHA regulations is a remedy and not a specific claim and that "[c]ompliance with FHA regulations is not mentioned anywhere in the breach of contract section of" the First Amended Complaint. *Id.* at 2. Plaintiff also argues that there is no express private right of action to enforce FHA regulations and that, "no matter how Plaintiff organized her complaint, the issue is a breach of contract based on failure to follow those regulations, which are incorporated into the Deed of Trust, not a cause of action based on 24 C.F.R. 203." *Id.* Plaintiff argues that BOA's effort to emphasize the headings in her state court petition runs afoul of the rule that references to federal statutes do not automatically create federal question jurisdiction and that her breach of contract claim is only in part based on violation of federal regulations and so does not implicate federal question jurisdiction. *See id.* at 2-3.

Plaintiff also addressed BOA's argument based on diversity jurisdiction by explaining that her statement in her First Amended Complaint that jurisdiction is proper was a misstatement resulting from an oversight, which she seeks to correct through a Motion for Leave to File Plaintiff's Second Amended Complaint [Dkt. No. 29], which explains that jurisdiction is disputed based on Plaintiff's January 18, 2013 Motion to Remand. *See* Dkt. No. 30 at 3-4. Plaintiff further argues that BOA ignores Jefferson's Texas citizenship in assessing diversity jurisdiction, that his citizenship

must be considered where he is still a defendant, and that, because Jefferson is a nondiverse defendant, diversity jurisdiction does not exist. *See id.* at 4.

Although BOA preemptively addressed the issue, *see* Dkt. No. 28 at 7 n.3, Plaintiff has not requested an award of its attorneys' fees and costs incurred as a result of Defendant's removal under 28 U.S.C. § 1447(c), *see* Dkt. Nos. 7 & 30.

On December 12, 2013, Plaintiff also filed her Motion for Leave to File Plaintiff's Second Amended Complaint, seeking to file an amended complaint that corrects an error in the jurisdiction section of Plaintiff's First Amended Complaint. *See* Dkt. No. 29. Plaintiff explains that "[i]t is undisputed that Defendant Tederal D. Jefferson is a resident and citizen of the state of Texas" and that, "[t]hus, Plaintiff unintentionally conceded to this Court's jurisdiction." *Id.* at 3. Plaintiff's proposed Second Amended Complaint [Dkt. No. 29-1] is identical to her First Amended Complaint except insofar as she alleges in the Second Amended Complaint that Jefferson has been served but has not answered and that Plaintiff disputes jurisdiction subject to her pending Motion to Remand. *Compare* Dkt. No. 20, *with* Dkt. No. 29-1. In the proposed Second Amended Complaint, Plaintiff still does not include any alleged causes of action or specific request for relief against Jefferson, as she had in her state court petition. *See* Dkt. No. 29-1. As noted above, Plaintiff acknowledges this omission in the reply that she filed contemporaneously with her Motion for Leave to File Plaintiff's Second Amended Complaint. *See* Dkt. No. 30 at 4.

The Court's December 19, 2013 Initial Scheduling Order, based on Plaintiff's and BOA's December 19, 2013 Joint Report Regarding Contents of Scheduling Order [Dkt.

No. 32], set, at the parties' suggestion, December 20, 2013 as the deadline to file motions to amend pleadings or join parties. *See* Dkt. No. 32 at 4; Dkt. No. 33 at 1. No motion to amend or to join parties was filed on December 20, 2013, and no motion to amend or to join parties has been filed since that date.

In addition to the instant Motion to Remand, Defendant's motions to dismiss Plaintiff's state court petition and First Amended Complaint and Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint remain pending. *See* Dkt. Nos. 17., 26, & 29.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And a defendant may remove a case that includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331) and a claim not within the Court's original or supplemental jurisdiction or that has been made nonremovable by statute, so long as the action would be removable without the inclusion of the nonremovable claim. *See id.* § 1441(c)(1). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's

jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## 28 U.S.C. § 1331 Federal Question Jurisdiction

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted). Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1,

27- 28 (1983)).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (internal quotation marks omitted). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter,* 44 F.3d at 366). "The plaintiff is 'the master of her complaint,' and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (internal quotation marks omitted). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (internal quotation marks omitted).

Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action," *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), which a plaintiff may do, "even when federal remedies might also exist," *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *accord McLaren v. Railamerica, Inc.*, No. 3:01-cv-91-D, 2001 WL 366431, at *1 (N.D. Tex. Mar. 21, 2001)

(quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) ("The well-pleaded complaint rule makes the plaintiff 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'"). It makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 554 (5th Cir. 2008) ("Under the well-pleaded complaint rule, the availability of a federal claim does not deprive the Bernhards of the opportunity to plead state law claims that may ultimately have no merit. The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted."); *Hot-Hed*, 477 F.3d at 324 ("Even assuming *arguendo*, however, that Hot-Hed failed properly to allege a basis for attorneys' fees under state law, such a failure would not require that the claim be read as a request for relief available under federal law.").

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard*, 523 F.3d at 551; *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a

federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina*, 238 F.3d at 680 ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

"The federal courts have jurisdiction over a state law claim that necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Bernhard*, 523 F.3d at 551 (internal quotation marks omitted). That is, a petition creates federal question jurisdiction "when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted); *see also Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 280 (5th Cir. 2010). The United States Supreme Court has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Rather, the Supreme Court has cautioned that the federal right at issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* Relevant to, but not dispositive of, the analysis of where the federal right at issue is substantial enough to satisfy the exercise of federal jurisdiction is whether there is a private cause of action for violation of a federal statute. *See id.* at 318.

28 U.S.C. § 1332 Diversity Jurisdiction

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). And the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery*, 243 F.3d at 919.

Further, an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective).

Likewise, based on the so-called rule of unanimity, if an action is removed under Section 1441(a) based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action"; "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial

pleading or summons described in paragraph (1) to file the notice of removal"; and, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(A)-(C). But, if a case is removed under Section 1441(c) based on federal question jurisdiction over a claim, "only defendants against whom [a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331)] has been asserted are required to join in or consent to the removal under" Section 1441(c)(1). *Id.* § 1441(c)(2).

Additionally, subject to certain limitations set in Section 1332(c), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

## Analysis

As explained above, BOA timely removed this case pursuant to 28 U.S.C. §§ 1441(c) and 1446(b)(1) on December 20, 2013, asserting only 28 U.S.C. § 1331 federal question jurisdiction as the basis for this Court's jurisdiction. *See* Dkt. No. 1. Plaintiff timely moved to remand pursuant to 28 U.S.C. § 1447(c) on January 18, 2013, asserting on the lack of federal question jurisdiction as a basis for remand. *See* Dkt. No. 7.

28 U.S.C. § 1331 Federal Question Jurisdiction

Plaintiff seeks remand because, she first argues, her demand for specific performance does not constitute a separate <u>cause of action or claim</u> that necessarily depends on resolution of a substantial question of federal law. That is, her claim does not necessarily raise a federal issue, actually disputed and substantial, that this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Bernhard*, 523 F.3d at 551. Instead, Plaintiff asserts that specific performance is simply a <u>remedy</u> for her breach of contract claim, which she argues is based only <u>in part</u> on the allegations that BOA violated provisions of the federal Fair Housing Act.

Plaintiff points the Court to the reorganization in her First Amended Complaint, in which – unlike in her state court petition – specific performance is alleged as a remedy, not a cause of action. But this particular argument fails. The Court must look to Plaintiff's operative complaint at the <u>time of removal</u> to determine whether a federal question is presented. *See Metro Ford*, 145 F.3d at 326. Indeed, while Plaintiff did not actually drop her specific performance allegations that are admittedly grounded in federal regulations, the Court can no more decide the jurisdictional question based on her moving them around than it could decide the question based on a plaintiff's dropping federal law causes of action or claims post-removal. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985); *accord Spear Marketing, Inc. v. BancorpSouth Bank*, No. 3:12-cv-3583-B, 2013 WL 2149570, at *2-*3 (N.D. Tex. May 16, 2013); *Ndupu v. Methodist Health Sys.*, No. 3:08-cv-281-M-BH, 2008 WL 4211124,

at *2 (N.D. Sept. 10, 2008); *Arnold v. City of Balch Springs, Tex.*, No. 3:04-cv-2422-M, 2005 WL 176169, at *1-*2 (N.D. Tex. Jan. 25, 2005).

But the Court must still ascertain what component of Plaintiff's state court petition must be examined to determine whether its resolution depends on resolving a substantial question of federal law. There is some initial appeal to Plaintiff's argument that the Court is to look at state law causes of action or claims and that specific performance is, according to both BOA and (at least post-removal) Plaintiff, not a cause of action or claim under Texas law but rather a remedy. But the undersigned concludes that Plaintiff's suggestion is not well taken and that the Court may not pick and choose which of a plaintiff's allegations is viable <u>as a claim or cause of action</u> under state law and then look only to those allegations to determine whether adjudicating those allegations may depend on resolving a substantial question of federal law. This follows from the rule set forth by the United States Court of Appeals for the Fifth Circuit that, when examining the well-pleaded allegations of a state court complaint, the Court is not to conclude that a plaintiff must have pleaded a federal question if the cause of action pleaded would not be viable under state law but might be viable under federal law. *See Bernhard*, 523 F.3d at 554; *Terrebonne*, 271 F.3d at 189. And a plaintiff's being the master of her complaint can cut both ways: She may preclude federal subject matter jurisdiction by electing in her petition to rely exclusively on state law, but, if she fails to make such an election, she does so at the risk of removal to federal court. *See Arnold*, 2005 WL 176169, at *3.

Here, Plaintiff pleaded that "[t]he Deed of Trust is governed by Federal law, and

-18-

regulations of FHA are Federal law," and Plaintiff asserted that BOA "has failed to comply with" several specified FHA regulations and "requests that [BOA] be ordered to specifically perform." Dkt. No. 1-4 at 6-7. That this claim may not be <u>properly</u> raised as a separate cause of action or claim under Texas state law is not part of this Court's jurisdictional analysis, just as the Court could not properly look into the merits of a state law claim that invoked federal law and disregard the claim for purposes of the federal question analysis on the basis that it would ultimately fail in state court. Plaintiff indisputably raised these specific performance allegations as a separately listed "cause of action" against BOA in her original petition, and the undersigned concludes that BOA is correct that she is bound, for these purposes, by that pleading.

And the undersigned notes that, at least in some circumstances, pleading even a remedy may give rise to federal question jurisdiction. *See Hot-Hed*, 477 F.3d at 324-25. But, here, the Court need not reach that question because, for the reasons already discussed, Plaintiff's efforts to recast her pleaded specific performance claim as a remedy are unavailing.

The analysis of whether Section 1331 affords subject matter jurisdiction turns, then, on whether Plaintiff's pleaded specific performance claim necessarily raises a federal issue, actually disputed and substantial, that this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. All four of these factors – "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of

federal and state judicial responsibilities" – must be met for federal question jurisdiction to exist. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

The undersigned turns first to whether Plaintiff's state court petition raises a necessary federal issue that is disputed and substantial. "When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim." *Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, No. 3:12-cv-4535-M-BH, 2013 WL 2896897, at *6 (N.D. Tex. June 13, 2013) (quoting *Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 526 (S.D. Tex. 2012)) (internal alterations omitted).

The parties' points of dispute on this question turn on their conflicting views of which of several cases issued by judges in this district should be followed here. In *Lindsey*, a wrongful foreclosure action, the Court found that the federal issue was neither necessary nor substantial because, in addition to alleging HUD violations, the plaintiff also alleged violations of state law and the parties' dispute did not turn on the correct interpretation of federal law; instead, it was a factual dispute on whether the defendants violated the HUD regulations. *See id.* at *6-*7. In *Henry v. Bank of America, N.A.*, No. 4:12-cv-786-A, 2012 WL 6730718, at *5 (N.D. Tex. Dec. 28, 2012), another mortgage foreclosure case, the Court found that the federal issue was not substantial because, in addition to alleging violations of certain HUD regulations, the plaintiff also claimed violations of Texas law and breach of the note and deed of trust itself. The Court explained that, while the plaintiff "certainly referenced federal

regulations as part of her state contract claim, they are not substantial federal issues sufficient to invoke federal jurisdiction over her claims." *Id.* Plaintiff urges that the Court should follow the analysis in *Henry* and notes that reference to federal statutes in a petition does not automatically create federal question jurisdiction. *See* Dkt. No. 7; Dkt. No. 30.

BOA argues that the Court should follow *Leggette v. Washington Mutual Bank, FA*, No. 3:03-cv-2909-D, 2005 WL 2679699 (N.D. Tex. Oct. 19, 2005), another wrongful foreclosure case, in which the Court found that the federal issue was necessary, disputed, and substantial where the plaintiff's breach of contract claim was premised solely on whether the defendant breached three of the HUD regulations that were contained in the deed of trust. *See id.* at *3. The Court explained that "[e]ach ground of [plaintiff's] wrongful foreclosure claim necessarily turns on [defendant's] obligations under federal law. The dispute between [defendant] and [plaintiff] rests entirely on the correct interpretation of three federal regulations..." *Id.*

But the Court in *Leggette* ultimately remanded the case because it found that the defendant had failed to meet its burden of establishing that retaining jurisdiction in the federal forum would not disrupt the congressionally approved balance of federal and state judicial responsibilities. *See id.* at *5. BOA attempts to distinguish this aspect of *Leggette*: "Here, Plaintiff is requesting that Bank of America be required to specifically perform its duties under the federal regulations, rather than perform its duties under the note and deed of trust. Plaintiff's specific performance claim thus does not involve the same federal-state balance that was important in *Leggette*, and the

-21-

Court should not use its veto here." Dkt. No. 28 at 6.

The undersigned notes that, in another wrongful foreclosure action, the Court likewise found that a necessary federal issue was presented which was disputed and substantial where the plaintiff's breach of contract claim was based solely on two alleged violations of the HUD regulations. *See Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 616 (N.D. Tex. 2005) ("From what the court can ascertain, each basis for [plaintiff's] wrongful foreclosure claim necessarily turns on [defendant's] obligations under federal law."). But there, again, the Court ultimately remanded the case back to state court because "[n]othing has been presented to the court by the parties that Congress has expressed an intent to have such foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court." *Id.* at 618. Thus, the court determined that the Defendant failed to establish that retaining jurisdiction over the case would not disturb the balance of federal and state judicial responsibilities. *See id.*

And the presiding judge in this case most recently followed these decisions in adopting Magistrate Judge Paul Stickney's recommendation that a plaintiff's state-law claims did not create federal question jurisdiction where the plaintiff alleged "that (1) the Note and Deed of Trust were issued subject to provisions of the Fair Housing Act ('FHA'), HUD, and RESPA; (2) Nationstar was negligent in breaching its duties imposed by, among other things, RESPA; (3) Plaintiff did not receive proper notice as required by Texas state and federal law; and (4) Defendants breached the Deed of Trust by not complying with certain HUD regulations." *Brewster v. Nationstar Mortg.,*

*LLC*, No. 3:13-cv-2807-M, 2013 WL 6501261, at *4-*6 (N.D. Tex. Dec. 10, 2013). In that case, as plaintiff had in the cases described above and discussed in *Brewster*, the plaintiff made reference to violations of certain HUD regulations in her breach of contract claim, alleging that the defendants were required to conduct a face-to-face interview, inform Plaintiff of other available assistance, and accept partial payments from Plaintiff. *See id.* at *5.

Plaintiff here makes those same allegations, except that here Plaintiff has, as discussed above, referenced the allegations in a stand-alone cause of action in her state court petition. *See* Dkt. No. 1-4 at 6-7. But that does not tip the scales in favor of finding federal question jurisdiction where, here, any federal issue presented by the specific performance claim is not substantial. As in *Brewster* and the cases it followed, in addition to alleging FHA violations, Plaintiff also alleged violations of state law, and the parties' dispute does not appear to turn on the correct interpretation of federal law but rather on a factual dispute on whether BOA violated the FHA regulations. *See id.*; *Brewster*, 2013 WL 6501261, at *4, *5.

Whether the governing test is framed as asking whether "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 917, or whether "resolving a federal issue is necessary to resolution of the state-law claim" and "the federal issue is substantial," *Singh*, 538 F.3d at 338, federal question jurisdiction does not exist here for substantially the same reasons that the courts found in *Brewster*, *Lindsey*, and *Henry*. Of course, the lack of

jurisdiction would only be more stark if the Court were to treat Plaintiff's specific performance allegations as part of, or merely a remedy for, her breach of contract claim, which is also based on violations of Texas law and breach of certain documents. *See* Dkt. No. 1-4 at 7-9; *accord Brewster*, 2013 WL 6501261, at*5.

But, even if Plaintiff's specific performance claim in this case is more akin to the claims in *Leggette*, as BOA argues, and *Buis*, insofar as Plaintiff's specific performance claim in her state court petition can be read as premised solely on whether BOA breached certain HUD regulations, the undersigned still concludes that federal question jurisdiction does not exist. In *Leggette* and *Buis*, the courts determined that retaining jurisdiction over those foreclosure-related cases would disturb the balance of federal and state judicial responsibilities. *See Buis*, 401 F. Supp. 2d at 618; *Leggette*, 2005 WL 2679699, at *5. The same is true here.

The undersigned is not persuaded by BOA's argument that, because Plaintiff is requesting that Bank of America be required to specifically perform its duties under the federal regulations, rather than perform its duties under the note and deed of trust, Plaintiff's specific performance claim does not involve the same federal-state balance that was important in *Leggette*. *See* Dkt. No. 28 at 6. As Judge Stickney noted in *Brewster*, "the District Court has already found the reasoning in *Leggette*, *Henry*, and *Buis* persuasive as to whether retaining federal jurisdiction over a mortgage foreclosure case would disrupt the balance of federal and state judicial responsibilities." 2013 WL 6501261, at *6. Even if Plaintiff were seeking to require BOA to perform under the regulations without tying the obligation to do so to the Deed

of Trust, that would not materially change the effect on that balance of retaining jurisdiction over this case. But, in fact, Plaintiff's original state court petition does tie BOA's obligation to comply with HUD regulations to BOA's obligations under the Deed of Trust, just as the plaintiffs in *Leggette* and *Buis* grounded their HUD-regulation-based allegations in a breach of contract claim. Plaintiff's petition alleged that "[t]he Deed of Trust is governed by Federal law, and regulations of FHA are Federal law." Dkt. No. 1-4 at 6. Fairly read, Plaintiff's specific performance claim was grounded in the Deed of Trust. Plaintiff's claim is, effectively, indistinguishable from the claims confronting the courts in *Leggette* and *Buis. Compare* Dkt. No. 1-4 at 6-7, *with Buis*, 401 F. Supp. 2d at 615-18; *Leggette*, 2005 WL 2679699, at *2-*5.

Plaintiff's state court petition fails to present a federal question that would bestow jurisdiction on this Court. Further, as explained above, the undersigned would reach the same conclusion even if the analysis focused on Plaintiff's First Amended Complaint.

28 U.S.C. § 1332 Diversity Jurisdiction

BOA asserts, in the alternative, that, "[e]ven if the Court determines that Plaintiff's allegations in her original Complaint are insufficient to justify federal-question jurisdiction, the Court should retain jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as a result of Plaintiff's admission in her Amended Complaint that diversity now exists and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1)." Dkt. No. 28 at 7. BOA further notes that, "[w]hen Plaintiff filed her Amended Complaint on November 19, 2013, Plaintiff omitted all causes of

action against the non-diverse defendant Tederal D. Jefferson." *Id.*

This alternative argument potentially raises many procedural and jurisdictional issues, but the undersigned concludes that the Court need not reach most of them. That is because BOA's first argument fails as a matter of law and its second has been waived.

The parties focus much of their attention on Plaintiff's conceding jurisdiction in her First Amended Complaint. She did that, at least in part, in stating that "the Plaintiff and the Defendant are citizens of different states." Dkt. No. 20 at 2 (emphasis added). It is unclear whether Plaintiff, who sued two defendants, alleged anything regarding Jefferson's, as opposed to BOA's, citizenship.

But it makes no difference. Few rules are as well settled in federal court as that "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919; *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (holding that "a party may neither consent to nor waive federal subject matter jurisdiction").

And BOA cannot now rely on Section 1332(a) as a basis for this Court's retaining jurisdiction over this removed case. BOA has improperly raised diversity jurisdiction as a basis for this Court's jurisdiction because this ground was not raised in the notice of removal and BOA has never amended its notice of removal to include diversity jurisdiction in support of removal. *Compare Fantroy v. Dallas Area Rapid Transit*, No. 3:13-cv-345-K, 2013 WL 2284879, at *7 (N.D. Tex. May 23, 2013). Senior District Judge A. Joe Fish recently addressed a very similar issue and explained the governing law

as follows:

> Generally, a defendant can remove a civil action brought in state court to a proper federal district court if that action meets the requirements set forth in 1332(a). *See* 28 U.S.C. § 1441(a). This is done by filing a notice of removal in the district court for the district where the state court action is pending. 28 U.S.C. § 1446(a). However, 28 U.S.C. § 1446(b) imposes limits on when a notice of removal can be filed. As the Fifth Circuit has explained, Section 1446(b) provides a "two-step test" to determine whether removal was timely. The first paragraph of Section 1446(b) states that if the initial pleading sets forth a removable claim, the defendant must file the notice of removal within thirty days of the receipt of that pleading. However, if the claim stated by the initial pleading is not removable, then the second paragraph of Section 1446(b) will apply. Under that provision, ["if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"]. If a notice of removal has been filed outside of the Section 1446(b) time limits, then the opposing party can seek remand of the case back to the state court. 28 U.S.C. § 1447(c).

> Prior to the expiration of Section 1446(b)'s thirty-day period, a defendant can freely amend its notice of removal. After the thirty-day period has passed, the district court can grant the defendant's leave to amend its removal notice under 28 U.S.C. § 1653, in order to cure "technical defects." Courts are very reluctant, however, to permit an amendment to a notice of removal that adds a new basis for federal jurisdiction.

> However, when courts have refused to allow amendments to the notice for removal that would assert new bases of federal jurisdiction, the new basis for removal existed *during* the initial thirty day period. In contrast, courts have been willing to permit amendments to a notice for removal when the new basis did not exist until *after* the relevant thirty day period. As one district court recognized, it would be "senseless to deny [the defendant] the opportunity to assert this newly-arisen basis for removal/federal jurisdiction merely because of the fortuity that the basis arose while the case was pending in federal court[.]"

> The ability to amend a notice for removal after the thirty day period when a new basis of federal jurisdiction has developed is in line with Fifth Circuit precedent, which recognizes a defendant's right to file a second

notice of removal after a remand. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("[O]nce a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground.") (emphasis in original). "A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Id.* at 493 (emphasis in original).

In *S.W.S. Erectors*, the "other paper" that created the new basis for removal was filed after the district court had already remanded the case back to state court. *Id.* at 491. But when the "other paper" appears after the thirty day period but before the decision to remand, it would be "senseless" to not permit an amendment to the notice for remand, remand the case back to state court, and then allow a second notice of removal.

When a defendant has the right to amend a notice for removal after the initial thirty day period because of a new basis for federal subject matter jurisdiction, it has thirty days under the second paragraph of Section 1446(b) to make that amendment.

*Wilson v. Int'l Bus. Machs. Corp.*, No. 3:11-cv-944-G, 2011 Wl 4572019, at *1-*3 (N.D. Tex. Oct. 3, 2011) (citations omitted; alterations from original made to address subsequent amendments to 28 U.S.C. § 1446). In *Wilson*, the defendant filed a second notice of removal but did so outside the 30-day period following the submission of a settlement demand that made removal on diversity ground proper. *See id.* at *3-*4. Judge Fish noted that the defendant "provides no reason why it did not try to amend its notice for removal" once the plaintiff filed a settlement demand, at which a time at which the defendant's "right to freely amend its first notice of removal had expired." *Id.* at *4. Judge Fish noted that, "by gaining a new basis for removal, [the defendant] gained the right to amend its notice of removal to include diversity jurisdiction," and, "[u]nder Section 1446(b), that right to amend must have been asserted within thirty days of December 29, 2010," but the defendant did not timely file an amended notice

of removal, and the case was remanded. *See id.*

The facts here are materially identical except that BOA <u>never</u> filed or sought leave to file an amended notice of removal to assert Section 1441(a) as a basis for removal or Section 1332(a) as a basis for this Court's jurisdiction based on Plaintiff's November 19, 2013 First Amended Complaint. And BOA's time to do so expired on December 19, 2013.

The Court should reject BOA's alternative argument that this Court has jurisdiction based on diversity as a result of Plaintiff's First Amended Complaint.

## Recommendation

The undersigned concludes that Defendant has failed to meet its burden to establish that federal jurisdiction exists over Plaintiff's action. Because the Court lacks subject matter jurisdiction over this action, as removed and docketed as Case No. 3:12-cv-5202-M-BN, the Court should grant Plaintiff's Motion to Remand [Dkt. No. 7] and remand the action – including any pending motions – to County Court at Law No. 1, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE